IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLOVIS SHANTEZ LIGGINS, #16490-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv763 |
| | § | CRIMINAL ACTION NO. 4:09cr87(16) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Movant Clovis Shantez Liggins filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A review of the case shows that, on November 10, 2010, a jury found Movant guilty of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841 and 846. On August 16, 2012, the court's sentence of life imprisonment was entered. The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence on March 25, 2014. The Fifth Circuit held that the court did not err in allowing Government witness Darrel Lyons to testify as an expert. *United States v. Akins*, 746 F.3d 590, 600-01 (5th Cir. 2014). It also held that the evidence was sufficient to convict Movant of the drug conspiracy. *Id.* at 605-06. On November 3, 2014, the Supreme Court denied Movant's writ of certiorari.

On October 30, 2015, Movant filed the instant § 2255 motion, alleging he is entitled to relief because his counsel provided ineffective assistance and the court erred by calculating his sentence using facts not found by the jury or admitted to by Movant. The Government filed a response, asserting Movant's claims are meritless, to which Movant filed a reply.

# FACTUAL BACKGROUND

The Fifth Circuit provided a factual background of the case:

In 2008, the Drug Enforcement Administration ("DEA") began investigating a drug conspiracy involving the movement and sale of drugs, primarily powder and crack cocaine, from Mexico to Dallas, Texas, and then to Paris, Texas, and Hugo, Oklahoma. The investigation relied heavily on approximately 10,000 wiretapped telephone calls, and recordings of many of these calls provided much of the evidence at trial. Agents initially focused on Stacey Williams, suspected to be a large supplier of cocaine in the Dallas area. Williams introduced his Mexico-based supplier Francisco Trujillo to Rafael "Fel" Carrae Edwards, describing Edwards as his cousin from Paris who bought large quantities of powder cocaine. Edwards was arrested on June 16, 2009, at an apartment in Dallas that Edwards shared with his girlfriend. Agents found crack cocaine in the bedroom where Edwards was sleeping, along with a semi-automatic pistol stuffed under the mattress on Edwards' side of the bed. That same day, law enforcement executed another search warrant at Edwards' residence in Desoto, Texas. Officers found ledgers that contained notations related to drug trafficking. The ledgers also contained multiple references to Tommy Deshone "Shawn" Perkins and his best friend Kendrick Tyshawn Akins. Shawn Perkins and co-defendants Marco Perkins and Shantez Liggins are brothers. Their mother lived on Campbell Street in a house that served as a "home base" for the conspiracy in Paris, Texas. Shawn Perkins would take cocaine purchased from Edwards in Dallas, convert it to crack cocaine, and resell it in Paris with Marco Perkins, Donnell "Scooter" Leshone Walters, and other members of the conspiracy. Wire intercepts between Edwards and Shawn Perkins recorded the two discussing money and cocaine sales, including one call in which Perkins describes the quality of crack cocaine he received from Edwards. Agents also conducted two controlled buys from Shawn Perkins: one involving 14.12 grams of powder cocaine, and another involving 9.8 grams of crack cocaine. Wiretapped calls also suggested that Marco Perkins worked to distribute drugs largely at the direction of his brother Shawn Perkins. The other brother, Liggins, provided crack cocaine to Stacy Lynn Gage, a Hugo, Oklahoma, based distributor who regularly bought cocaine for redistribution from the Paris-based conspiracy.

In an indictment filed on June 11, 2009, a grand jury charged Edwards, Shawn Perkins, Akins, Gage, Marco Perkins, Andre "Dre" Deshong Dunkins, Liggins, Walters, and ten others with conspiracy to manufacture, distribute, or possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846 (Count One). Eight defendants pleaded guilty and the charges against one were dismissed. In a superceding indictment on August 19, 2010, a grand jury charged the remaining nine defendants (the eight listed above plus Eladio Jose Leal) with the

same conspiracy offense (Count One). Counts Two and Three charged Edwards with firearm offenses in connection with drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1), and Count Four alleged the same against Shawn Perkins. Leal pleaded guilty to the conspiracy count on October 13, 2010.

The case went to trial on October 25, 2010, against the eight remaining defendants. Stacy Bellamy, a cooperating witness from Paris, Texas, who pleaded guilty to conspiracy to possess with the intent to distribute crack cocaine, testified that he had knowledge of the crack-distribution industry in his hometown. Bellamy testified that Edwards delivered four kilograms of powder cocaine to Shawn Perkins at Perkins' mother's house in Paris and that this happened "two or three times." Bellamy also testified that he knew Shawn Perkins and Akins to be "best friends" and that Akins helped Shawn Perkins in the crack cocaine business. Bellamy claimed to have bought crack cocaine from Shawn Perkins before starting to buy it from Akins, and that he regularly bought nine ounces of crack from Akins on credit. Another cooperating witness who pleaded guilty to conspiring to sell crack cocaine, Trentargus Holt, claimed that at first he bought powder cocaine from Shawn Perkins and Akins before buying and reselling crack from them.

Hundreds of recordings of wiretapped phone calls between the co-conspirators were introduced at trial to support the testimony of Bellamy, Holt, and others. Although in English, the calls made heavy use of code words and vernacular and were often difficult to parse. The Government called Secret Service Agent Darrell Lyons, one of the lead investigators of this drug distribution conspiracy, as a lay witness to testify about the investigation. In the multiple times he was recalled to the stand, Lyons testified repeatedly about his understanding of the meanings of various code words used in recorded wiretapped conversations. He testified that the meanings he ascribed to those words, generally an amount or type of drug, were based on the knowledge he gained in the course of the investigation as well as his career experience. The Government also called a DEA Group Supervisor, Mark Styron, as an expert witness at trial. In addition to testifying about the role that firearms play in drug distribution organizations, Styron explained his understanding of the meanings of various code words that he claimed were commonly used in the drug distribution business.

At the close of the Government's case-in-chief, each of the defendants moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, and all renewed the motion after resting their case. The trial judge granted Perkins' motion for judgment of acquittal concerning the firearm offense alleged in Count Four but denied all other motions.

The jury found all eight defendants guilty of Count One of the Superceding Indictment, the conspiracy charge, on November 15, 2010. By special verdict, they

> attributed the following drug quantities to . . . [Movant]: 50 grams or more of cocaine base . . . .

*Id.* at 595-97.

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Mere conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that he is entitled to relief based on several instances of ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his

entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

To prevail on a claim of ineffective assistance of appellate counsel, a movant must show that, had counsel performed differently, "there would have been revealed issues and arguments of merit on the appeal." *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687. In "a counseled appeal after conviction," "the key is whether the failure to raise an issue worked to the prejudice of the defendant." *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the appellant does not show trial errors with

5

arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using his judgment as to their merits. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Every conceivable issue need not be raised on appeal. *Id*.

**Failure to Impeach Stacey Bellamy on Cross-Examination**

Movant claims trial counsel was ineffective for failing to impeach Government witness, Stacy Bellamy, on cross-examination. Movant claims that when counsel for co-defendants cross-examined Bellamy, Bellamy was exposed as untruthful. Movant contends that had his counsel's performance not been deficient, the jury would not have found Bellamy credible concerning the drug amounts he attributed to Movant. As such, the jury would have been unable to convict Movant of conspiracy involving 50 grams or more of crack cocaine.

A defendant is entitled to "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (internal quotation omitted). "The Confrontation Clause . . . is satisfied where defense counsel has been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Restive*, 8 F.3d 274, 278 (5th Cir. 1993) (internal quotation omitted). Further, the failure of counsel to impeach a Government witness with prior inconsistent statements does not constitute ineffective assistance of counsel when the defendant fails to make a showing of prejudice. *Daniels v. Maggio*, 699 F.2d 1075, 1079 (5th Cir. 1982).

6

Here, Movant concedes that his trial counsel cross-examined Bellamy. He further concedes that attorneys for his co-defendants cross-examined Bellamy concerning specific drug amounts. Movant's complaint is that his counsel did not cross-examine Bellamy concerning the drug amount attributable to Movant. However, Movant's counsel challenged the drug amount at sentencing by claiming that Bellamy's testimony was unreliable. The court reviewed Bellamy's trial testimony and held that the Government had established that Movant was responsible for 280 grams or more of crack cocaine. Movant fails to point to any evidence showing that the jury would have discounted Bellamy's testimony had counsel challenged him during cross-examination on the drug amounts. Movant fails to show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

**Failure to File Fed. R. Crim. P. 29 Motion at Close of Evidence**

Movant next claims trial counsel was ineffective by failing to move for judgment of acquittal at the close of all evidence. Movant asserts the evidence failed to show that he was responsible for 50 grams or more of cocaine base. Movant contends Bellamy's testimony was unreliable and should not have been used by the jury to find Movant responsible for that amount of cocaine. Movant states he was prejudiced because this was the last point in time to challenge Bellamy's testimony concerning the amount of drugs.

When addressing prejudice in an ineffective assistance of counsel claim for failing to move for a judgment of acquittal, a court should evaluate the sufficiency of the evidence as if counsel had moved for judgment of acquittal at the close of the evidence. *United States v. Rosales-Orozco*, 8 F.3d 198, 200 (5th Cir. 1993). Consequently, the court must determine "whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury

could have found the essential elements beyond a reasonable doubt." *United States v. Pruned-Gonzalez*, 953 F.2d 190, 193 (5th Cir.) *cert. denied*, 504 U.S. 9781 (1992).

The court first notes that the Fifth Circuit considered the sufficiency of the evidence and found the evidence was sufficient to find Movant guilty of the drug distribution conspiracy. *Akins*, 746 F.3d 590. Additionally, the record shows that counsel challenged the drug amount at sentencing, arguing that Bellamy's testimony was not credible or corroborated. Further, after counsel for one of Movant's co-defendants made a motion for judgment of acquittal, the court stated it was proceeding as if all defendants had moved for judgment of acquittal at the close of evidence. The court ultimately held Movant was responsible for 280 grams of cocaine base due, in part, to Bellamy's testimony. Movant fails to show the evidence was insufficient regarding drug quantity, *Pruned-Gonzalez*, 953 F.2d at 193, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

**Failure to Comply with 21 U.S.C. § 851**

Movant also claims trial counsel was ineffective at sentencing for not objecting to the court's failure to comply with 21 U.S.C. § 851(c)(1). The record shows that the Government filed an information stating its intent to offer evidence for enhancement purposes of Movant's two prior drug convictions. Movant contends the court erred by failing to hold an evidentiary hearing on the enhancement since Movant filed a written response to the Government's information. Movant cites to 21 U.S.C. § 851(c)(1), which states that a hearing is required if the defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," and he files a written response to the information. The record reflects that Movant's counsel filed

a written response pursuant to 21 U.S.C. § 851(c)(1). At sentencing, Movant's counsel objected to the Government's use of the two prior convictions which were subsequently offered for enhancement purposes (career offender). After reviewing the record, the court overruled the objection, and the judgments for the prior convictions were entered as exhibits.

Although Movant's counsel did not specifically object to the court's failure to conduct a hearing, Movant has failed to show prejudice. Pursuant to 21 U.S.C. § 851(e), "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section [that] occurred more than five years before the date of the information alleging such prior conviction." The Government filed its information on September 24, 2010, providing notice that it was moving to enhance Movant's sentence. In the information, the Government stated its intent to use drug convictions that occurred on September 8, 1999 and April 19, 2002 to support the enhancement. Movant's counsel filed a written response to the information on September 28, 2010. Because Movant's prior convictions occurred more than five years before the date of the information, the statute of limitations would have prevented Movant from challenging the 1999 and 2002 convictions. Movant fails to show any error that affected his substantial rights because any error by the court in not following the statutory procedural requirements of § 851 is harmless since the five-year statute of limitations applies. *United States v. Jenkins*, 487 F.3d 279, 280-81 (5th Cir. 2007). Consequently, counsel cannot be found to have been ineffective for failing to object to the court's failure to conduct a hearing on this matter. *Strickland*, 466 U.S. at 694.

**Failure of Appellate Counsel to Argue Illegal Sentence**

Movant contends the court violated the holding in *United States v. Booker*, 543 U.S. 220 (2005), by finding facts regarding the drug amounts attributable to Movant that were not found

9

beyond a reasonable doubt by the jury or admitted to by Movant. Specifically, Movant asserts that, under the Fair Sentencing Act, the amount of drugs for which he could be held responsible must be stated in the indictment and not found by the court at sentencing. Accordingly, Movant contends appellate counsel was ineffective for failing to raise this issue on appeal.

The Fair Sentencing Act of 2010 reduced the crack-to-powder cocaine disparity from 100 to 1, to 18 to 1. *See Dorsey v. United States*, 567 U.S. 260, 263 (2012). It is well settled that a sentencing judge may find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range, and all facts relevant to the determination of a non-Guidelines sentence. *United States v. Alonza,* 435 F.3d 551, 553 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The jury found Movant was responsible for 50 grams *or more* of cocaine base. At sentencing, after reviewing trial testimony, the court found that Movant was responsible for 280 grams. The court stated this was in accordance with the Fair Sentencing Act. The court also noted it was not bound to 50 grams because the jury found Movant responsible for 50 grams *or more* of cocaine base. The court found that Movant's sentence was properly enhanced based on Movant's two prior drug convictions; thus, Movant faced a mandatory life sentence under the Guidelines. The court did not violate *Booker* or the Fair Sentencing Act of 2010. As a result, appellate counsel cannot be ineffective for failing to raise a frivolous claim. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel cannot be held to be ineffective for failing to argue frivolous claims). Movant fails to show that, but for his counsel's failure to raise this issue, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285.

## TRIAL COURT ERROR

Movant claims the court erred which resulted in an illegal sentence. Movant specifically claims the court erred "when it used judicial factfinding in its drug calculation, which it attributed to [Movant] in violation of the Constitution of the United States' decisions in *Apprendi*, *Booker*, and their progeny, including *Alleyne*." As demonstrated above, however, a sentencing judge is entitled to find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range or a non-Guideline sentencing range. *Mares*, 402 F.3d at 519. Additionally, *Alleyne* was a direct criminal appeal and did not involve a retroactive application of a rule on collateral review. *Alleyne v. United States*, 570 U.S. 99, 116 (2013). The Supreme Court did not declare that *Alleyne* applies retroactively on collateral review or that *Booker* or *Apprendi* are retroactively applicable on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Movant fails to show error.

Moreover, it is well settled that a district court's technical application of the Guidelines does not give rise to a constitutional issue. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *Id*. Here, Movant could have raised this issue on direct appeal but did not do so. Thus, he is procedurally barred from asserting the issue in the instant motion. *Id*. The record was sufficiently developed at trial for the appellate court to be able to make a judgment. Movant fails to show cause or prejudice for the default. *United States v. Lopez,* 248 F.3d 427, 433 (5th Cir. 2001) (defendant is barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom); *see Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988) (conclusory allegations and bald assertions are

11

insufficient to support the motion). Accordingly, this issue is also procedurally barred.

## CONCLUSION

In sum, Movant fails to show there is a reasonable probability that, but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694. Movant also fails to show that, but for appellate counsel's failure to raise the alleged illegal sentencing issue, he would have prevailed on appeal. *Robbins,* 528 U.S. at 285. Finally, Movant fails to show the court erred.

Accordingly, it is **ORDERED** that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

It is further **ORDERED** a Certificate of Appealability is **DENIED**. All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this the 19th day of March, 2019.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE